NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**Elaine D. Kaplan, ACTING DIRECTOR, OFFICE OF PERSONNEL MANAGEMENT,**
*Petitioner,*

v.

**TONY D. HOPPER,**
*Respondent,*

AND

**MERIT SYSTEMS PROTECTION BOARD***,*
*Respondent.*

---

Miscellaneous Docket No. 145

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the Merit Systems Protection Board in No. CH0731090798-I-3.

---

**ON PETITION**

---

Before LOURIE, O'MALLEY, and REYNA *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

**O R D E R**

The Director of the Office of Personnel Management ("OPM") petitions for review of a final order of the Merit Systems Protection Board ("Board") pursuant to 5 U.S.C. § 7703(d). Tony D. Hopper opposes. The Director moves unopposed for an extension of time to file his reply and replies.

Mr. Hopper was hired by the Social Security Administration ("SSA") subject to a favorable suitability determination. OPM's investigation revealed that Mr. Hopper intentionally falsified his application for employment by claiming that he had never been terminated from a previous position when, in fact, he had been fired twice. Fifteen months after Mr. Hopper began work, OPM determined that he was unsuitable for Federal employment. OPM directed SSA to remove Mr. Hopper and barred him from Federal employment for three years.

Mr. Hopper appealed to the Board. Relying upon *Aguzie v. Office of Personnel Management*, the administrative judge concluded that the scope of the Board's review is not government by OPM's suitability regulations but instead by Chapter 75 of Title 5. Pursuant to Chapter 75, an "agency may take an action covered by this subchapter against an employee only for such cause as will promote the efficiency of the service," 5 U.S.C. § 75l3(a), and the Board may review the factual basis for the action and mitigate the action. 5 U.S.C. §§ 770l(b)(3), (c), 7513(d). One of the covered adverse actions is a "removal." 5 U.S.C. § 7512(1).

Applying Chapter 75, the administrative judge sustained the charge of "material, intentional false statement, or deception or fraud in examination or appointment," finding that Mr. Hopper knowingly supplied incorrect information on his employment application with the intention of deceiving or defrauding the agency. The administrative judge also noted Mr. Hopper's SSA supervisor's testimony that he would not have removed

Mr. Hopper for his falsification. As a result, the administrative judge mitigated Mr. Hopper's removal, cancellation eligibilities, and three-year bar to a letter of reprimand, citing the Board's purported authority over Chapter 75 "removals."

OPM petitioned the full Board for review, and the Director of OPM intervened. The Board denied OPM's petition and affirmed the decision of the administrative judge. Reaffirming *Aguzie*, the Board concluded that it is not bound by OPM's suitability regulations, which treat suitability actions by OPM as distinct from adverse actions initiated by agencies and prohibit Board review of the reasonableness of OPM's selected suitability action if the Board has sustained OPM's charges. *See* 5 C.F.R. §§ 731.203(t), 731.501, 752.401(b)(10). The Board concluded that, when the suitability action is a directed removal, the Board may review it as an adverse action pursuant to Chapter 75 of Title 5. Finding no ambiguity in Chapter 75, the Board held that OPM's regulations are contrary to the plain language of the statute. Additionally, the Board affirmed the administrative judge's conclusion that the Board possessed authority to mitigate not only Mr. Hopper's removal, but also cancellation of his employment eligibilities and his federal service bar as a "unified penalty." This petition for review followed.

Pursuant to 5 U.S.C. § 7703(d), OPM may seek review of a Board decision when it determines that the Board erred in interpreting a civil service law, rule or regulation and that the Board's decision will have a substantial impact on the administration of the civil service. OPM asserts that the Board's invalidating and enjoining OPM from enforcing its suitability regulations is contrary to this court's precedent recognizing OPM's authority to define the scope of review in suitability cases, usurps OPM's Presidentially-mandated authority, compromises government-wide uniformity and fairness, and threatens

the government's ability to safeguard the public trust and to protect the integrity of the civil service.

This court must independently determine whether an exercise of our jurisdiction is warranted. *Devine v. Sutermeister,* 724 F.2d 1558, 1562 (Fed. Cir. 1983). When the interpretation of a statutory or regulatory provision is at issue, it is particularly appropriate to grant an OPM petition for review. *See, e.g., King v. Hillen,* 21 F.3d 1572 (Fed. Cir. 1994); *Brook v. Corrado,* 999 F.2d 523 (Fed. Cir. 1993); *Horner v. Schuck,* 843 F.2d 1368 (Fed. Cir. 1988). Here, the Board determined that an OPM-directed suitability action is subject to full review under Chapter 75 of Title 5, including review and modification of the ultimate action taken upon a determination that an employee is not suitable for Federal employment. We conclude that OPM has shown the necessary impact and that our jurisdiction is warranted.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion for an extension of time is granted.

(2) OPM's petition is granted.

(3) The revised official caption is reflected in the order.

FOR THE COURT

 /s/  Daniel E. O'Toole
     Daniel E. O'Toole
     Clerk

s25